RENA MAXFIELD, Appellee, v. JAY MAXFIELD et al., Appellees; THE KILLIAN COMPANY, Appellant.

No. 47158.

(Reported in 30 N. W. 2d 740)

FEBRUARY 10, 1948.

REHEARING DENIED APRIL 9, 1948.

J. J. Hronik, of Cedar Rapids, for appellant.

Yessler & Fahey, of Cedar Rapids, for Rena Maxfield, appellee.

HALE, J.—Plaintiff alleges the lien of her chattel mortgage is superior to the rights of the defendant Killian Company as to certain goods. The company claimed superiority of its lien and its reserved title thereto under the contracts of conditional sale, one oral and the other written. They further claim that plaintiff had converted the said goods by selling the same during pendency of the action. There was judgment and decree for plaintiff.

The facts alleged by the defendant Killian Company are that in June 1944 defendants Jay Maxfield and William E. Blackwell were preparing to enter the business of operating a grill or restaurant in Cedar Rapids under the trade name of the "Mirror Lounge". In July or August 1944, defendant claims one Connors, employed by the Killian Company operating a department store in Cedar Rapids, informed the company credit manager that he had made a sale of a bill of goods including linoleum, drapes, mirrors, and other items to Maxfield on a c.o.d. basis, and that the credit manager then authorized the delivery of the merchandise. The defendant alleges that Con-

nors had no authority to sell the merchandise on credit; that soon after the sale he left the company and disappeared and his whereabouts are unknown. Linoleum, included in the chattel mortgage, was to be laid on the floor of the premises occupied by the Mirror Lounge, so that the bill of goods could not be delivered at once but extended from August 10th to the first day of September following, when the last item was delivered. The company asserts that several statements were mailed by it to Maxfield without producing payment or any response, whereupon the company sent an employee to investigate and it was then that they first learned of the alleged partnership between Maxfield and Blackwell. That employee was further informed that the partnership had been dissolved, and that Blackwell appeared to be in sole charge.

On August 16, 1944, plaintiff, Rena Maxfield, took a note from her husband, the defendant Maxfield, and the defendant Blackwell for $5,380.79, which money she claims to have turned over to them in order that they might pay off their creditors. This note was secured by chattel mortgage which was drawn by her attorney and covered the linoleum, furniture, fixtures, and equipment on the premises occupied by the Mirror Lounge, and installed by the Killian Company. This note was unpaid except a $200 credit.

Blackwell later was the owner of the property, having taken over the Mirror Lounge in September or October, 1944. On or about November 22, 1944, Blackwell signed a contract of conditional sale to him by the Killian Company of the property that had been delivered and installed on the premises of the Mirror Lounge. In January 1945 he went into bankruptcy. The trustee in bankruptcy took possession of all furniture and equipment in the Mirror Lounge but shortly afterwards relinquished and abandoned it to the lienholders.

While the foreclosure action was pending and before the final decree in her favor, the plaintiff, Rena Maxfield, sold all the property on the premises of the Mirror Lounge, and it is alleged satisfied a large number of claims of other creditors. The suit to foreclose plaintiff's chattel mortgage was brought on April 14, 1945, and in this suit she named the Killian Com-

pany and various other creditors of the makers of the chattel mortgage as defendants.

The Killian Company allege that Mrs. Maxfield failed to allege or prove that she was without notice of defendant's rights under the contracts of conditional sale, and allege that the record shows that she did have, in fact, such notice, or notice of such facts that should have put her on inquiry.

The claim of the landlord of the Mirror Lounge, Alice M. Thompson, a defendant, has been adjusted. The only controversy is between the plaintiff and the Killian Company. Plaintiff asked for judgment under the terms of her promissory note and mortgage, claiming a first lien on all of the property as provided in said chattel mortgage, and the Killian Company makes claim as set out in their cross-petition, amendment to cross-petition, and supplemental cross-petition. The issues consist of a dispute as to priority of liens between the plaintiff and the defendant Killian Company. The court entered judgment and decree for plaintiff and dismissed the claim of the Killian Company. From this judgment the defendant, the Killian Company, appeals.

I.   Defendant complains of the action of the court in sustaining objections to certain questions propounded to plaintiff on cross-examination. We have examined the record in this respect and find that several of the questions were immaterial and some others were not proper cross-examination. The main subjects of inquiry, however, were answered and the witness was afterwards recalled for examination by the defendant. We do not find that there was such erroneous ruling of the court as to constitute error.

II.   The propositions relied upon for reversal are largely general in their nature. The defendant alleges that the court erred in overruling motion to dismiss, made by the defendant at the conclusion of plaintiff's testimony, because the plaintiff failed to offer any proof as to the superiority of the lien of her mortgage, or as to the possession or location of the goods in question at the time of execution of the mortgage, or that she had no notice of defendant's rights therein. This is very general, but the court found, as a matter of fact, that the

chattel mortgage of the plaintiff was in proper form, duly executed and acknowledged, was made and executed for a good and sufficient consideration; that the property described therein was sufficiently identified, and that said chattel mortgage, when recorded, gave constructive notice to the world of plaintiff's rights thereunder; and it is found as a fact that plaintiff's chattel mortgage was filed for record in the office of the recorder of Linn County, Iowa, on August 16, 1944, and was on record and unsatisfied at the time of the execution of cross-petitioner's conditional sales contract on November 22, 1944, and that cross-petitioner was bound to take notice of plaintiff's rights under her mortgage. For a full discussion of the principles of the rules applying to such contracts, see Union Bank & Trust Co. v. Willey, 237 Iowa 1250, Division III, pages 1265–1269, 24 N. W. 2d 796.

The only ground for asserting that defendant's contract of conditional sale was prior in point of time to plaintiff's chattel mortgage would be in relation to the alleged oral conditional sales contract. However valid such a contract might be as between the parties, yet to charge a subsequent mortgagee or purchaser with knowledge of any such prior oral conditional sale there must have been proof of actual knowledge, or facts placing the alleged subsequent mortgagee on inquiry. As to the subsequent written conditional sales contract, such contract was not on file until after the filing of the chattel mortgage, so that in point of time there was priority on the part of the plaintiff. As to this written contract, there would be no burden upon a prior mortgagee to show lack of notice. Defendant's evidence does not show any invalidity of plaintiff's chattel mortgage. It is true that defendant in its separate answer and cross-petition denies paragraph 9 of the foreclosure petition relating to the chattel mortgage, but on the ground that it has neither knowledge nor information sufficient to form a belief.

III. Defendant alleges that the court erred in finding that the Killian Company had failed to prove the oral contract set out in its amendment to cross-petition. The facts in relation to this contract were, as defendant claimed, that this contract was made by a prior employee of the store, named Connors, and defendant sought to prove the same by a young woman

employee who testified that all she knew about the matter was what Mr. Connors told her. She stated that she never talked to Mr. or Mrs. Maxfield about the bill.

This witness Miss Hexdall was the credit manager for Killian Company, and the written contract of conditional sale dated and filed on November 22, 1944, was not made with either Mr. or Mrs. Maxfield, but with Blackwell. Defendant argues and cites various authorities which it claims sustain its views; that the witness' statements as to what Connors told her are exceptions to the hearsay rule. We are not greatly impressed with this argument. We are satisfied that the defendant has failed to establish by any proper proof any oral contract or any conditional sales contract other than the written contract with Blackwell. Cases cited by defendant pertain mainly to the rules as to res gestae, admissions, and other well-known exceptions to the hearsay rule, but are not applicable to the facts herein.

IV. The defendant claims that the court was in error in holding that there was no showing of collusion between plaintiff and her husband. We fail to find in the record any evidence showing such collusion. To have held otherwise than it did the court could only have based its holding upon speculation.

V. Error is assigned to the holding of the court which found that defendant's pleadings and prayer for relief were insufficient to entitle it to the relief demanded. The original answer and cross-petition asked that the right, title, interest or lien of the plaintiff be decreed to be junior and inferior to the defendant's lien, and the establishment of the defendant's contract of conditional sale. The amendment to the cross-petition merely asked a judgment against Rena Maxfield and Jay Maxfield for money alleged to be due in payment of the account in the sum of $614.34. In a supplemental cross-petition filed by the defendant June 14, 1946, a claim was made against Rena Maxfield for conversion of the merchandise as a balance due the defendant's account, and again there was a demand for judgment against the plaintiff, but nowhere, either in the amendment to cross-petition or in the supplemental cross-petition, except the original petition, was there any claim of anything more than a personal judgment.

Defendant claims that the claim and prayer in the original petition was sufficient to constitute a part of the amendments thereto and that they should be construed together. We do not consider this a matter of great importance since the holding of the district court was, and our holding is, that the original mortgage was prior and superior to any claim under the written contract of conditional sale, or the alleged oral contract, and the record does not show that the plaintiff, Rena Maxfield, was connected with the purchase of the goods from the company. Judgment was rendered on supplemental cross-petition against the defendant Jay Maxfield, but a personal judgment only. Under the circumstances the claim for conversion must fail.

The court properly held in its decree that as between the plaintiff and the cross-petitioner, the Killian Company, the plaintiff should prevail and that the mortgage should be adjudged to be superior to any right, title or interest of the Killian Company. Decree was entered sustaining the mortgage and dismissing the cross-petition, amendment to the cross-petition, and supplemental cross-petition of the Killian Company. The ruling of the court was correct.—Affirmed.

MULRONEY, C. J., and OLIVER, BLISS, GARFIELD, MANTZ, SMITH, and HAYS, JJ., concur.